UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOHN ROBERTSON HARVEY                    CIVIL ACTION NO.:

      Plaintiff,

v.                                       HONORABLE JUDGE:

NEW TECH GLOBAL VENTURES, LLC            MAGISTRATE JUDGE:

      Defendant

**COMPLAINT FOR UNPAID OVERTIME WAGES**

### I. SUMMARY

1.     John Robertson Harvey ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from New Tech Global Ventures, LLC ("Defendant").

2.     Plaintiff was employed by Defendant as a Rig Clerk, performing record keeping, answering phone calls, completing forms and other  clerical type duties.

3.     Defendant required Plaintiff to work at least 15 hours a day, for at least 7 days a week.  As a result Plaintiff often worked weeks consisting of 105 hours or more.

4.     Defendant paid Plaintiff a day rate, regardless of the number of hours worked.  Further, Plaintiff never received overtime pay for work performed in excess of 40 hours in the work week.

5.     This action alleges that Defendant misclassified Plaintiff as exempt from the overtime requirements and seeks to recover the unpaid overtime wages, liquidated damages, attorney fees, and costs permitted by the FLSA.

## II.  JURISDICTION AND VENUE

6.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA U.S.C. § 216(b).

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.  THE PARTIES

8.     John Robertson Harvey worked for Defendant as a Rig Clerk from December 2013 through July 2015.  Defendant paid Plaintiff on a day rate system without overtime for his work as a Rig Clerk.

9.     Harvey's consent is attached as Exhibit A.

10.    On December 20, 2016, Harvey filed a consent to join *Michael D. Clay, et al. v. New Tech Global Ventures, LLC*, No. 6:16-cv-00296-JWD-CBW, ECF No. 25 (W.D. La. Dec. 20, 2016).

11.    *Clay* was decertified on March 4, 2019, and Harvey's claims were dismissed without prejudice. *Clay*, ECF No. 155.

12.    **NEW TECH GLOBAL VENTURES, LLC** may be served with process through its registered agent:  **NEW TECH GLOBAL VENTURES, LLC through its Agent for Service of Process, COGENCY GLOBAL, INC., 3867 Plaza Tower Drive, 1st Floor, Baton Rouge, LA  70816.**

## IV.  COVERAGE UNDER THE FLSA

13.    At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14.     At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 201(r).

15.     At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16.     At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce.

## V.  FACTS

17.     New Tech Global Ventures, LLC provides workers and their services to major energy companies including the following nonexclusive services:   Engineering, environmental, mudtech, directional, NTG-RHS LATAM, midstream, safety and staffing services.  Defendant maintains locations throughout Louisiana, Texas and Gulf of Mexico as well as Colorado and Pennsylvania.

18.     To provide these services, Defendant employed Plaintiff on a date rate or per diem basis.

19.     Defendant hires, trains and deploys employees in Louisiana, Texas and in the Gulf of Mexico, Colorado and Pennsylvania.

20.     Plaintiff's position is not a job that requires advanced skill or intense study. A Rig Clerk is not a highly trained mechanic, technician or engineer.  Plaintiff performed mostly clerical type job duties.

21.     Defendant strictly regulates the job duties performed by Plaintiff to ensure certain performance standards are met.

22.     Plaintiff was not allowed to vary from the job standards, means, methods and techniques which are all dictated by defendant.

23.     Further, Defendant provided Plaintiff with mandatory forms, reports, and other documents that must be completed for each project.

24.     Plaintiff has little to no discretion on how his job, or the jobs of others he worked with, were performed.

25.     Instead of paying Plaintiff overtime, Defendant paid Plaintiff a day rate.

26.     Even though Plaintiff performed very routine, non-technical and occasional manual labor job duties, Defendant uniformly did not pay overtime to Plaintiff

27.     Plaintiff was expected to work regularly 105 hours a week or more.

28.     Such substantial overtime worked results in significant back wages owed to Plaintiff.

29.     As the controlling law makes clear, Plaintiff was a non-exempt employee and is entitled to overtime for all hours worked in excess of 40 in a single workweek.

30.     Based on the nature of plaintiff's job duties and work, there are no FLSA exemptions applicable to him.

## VI. FLSA VIOLATIONS

31.     Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff overtime compensation.  Defendant's failure to pay overtime compensation and intentional misclassification of Plaintiff was neither reasonable, nor was the decision not to pay overtime made in good faith.

32.     Accordingly, Plaintiff is entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times his regular rate of pay, plus liquidated damages, attorney's fees, and costs.

33.     On information and belief, the reason that Plaintiff did not receive overtime pay during the relevant time period is because Defendant willfully and intentionally misclassified Plaintiff as a "Consultant" and/or "Independent Contractor".  Defendant misclassified Plaintiff in an effort to avoid having to pay the Plaintiff overtime compensation required by the FLSA.

34.     Based on the economic realities of the facts and circumstances in this matter, Defendant knew, or had reason to know, that Plaintiff should have been classified as an "Employee" and paid overtime for all his hours worked over forty (40) hours per week. Plaintiff provided services essential to the fundamental business purpose of the Defendant, i.e. providing workers and services to companies engaged in oilfield exploration and production.  These services, however, require no special skill.  No prior experience was required for Plaintiff to work as a Rig Clerk for the Defendant.

35.     As a Rig Clerk, Plaintiff had no control over the manner and method by which he was paid.  The manner and method of payment was determined solely by Defendant, who paid Plaintiff on a "day rate" basis.

36.     At all times herein, Defendant retained the right to discharge Plaintiff without cause or notice.

37.     As a Rig Clerk, Plaintiff worked solely for Defendant on a full time and continuing basis.  Plaintiff did not advertise his services to the general public, or work as a Rig Clerk for anyone other than Defendant.

38.     Plaintiff was subject to the discretion and control of the Defendant with regard to the manner and means of his job performance.  Moreover, he was closely supervised and directed by the Defendant.

39.     As a Rig Clerk, Plaintiff had no opportunity for profit or loss depending on his managerial skill.

40.     Defendant also maintained records concerning the employment of Plaintiff. Upon information and belief, this included, for example, records of compensation and records of the hours worked by Plaintiff.

## VII.  RELIEF SOUGHT

41.     WHEREFORE, Plaintiff prays  for judgment against Defendant as follows:

a.      For an Order finding Defendant liable for violations of federal wage laws with respect to Plaintiff;

c.      For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff;

d.      For a Judgment awarding Plaintiff his costs of this action;

e.      For a Judgment awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law;

f.      For all such other legal and equitable relief as may be necessary and

appropriate.

RESPECTFULLY SUBMITTED,

KENNETH D. ST. PÉ, LLC


__/s/ Kenneth D. St. Pé_____
KENNETH D. ST. PÉ
La. Bar Roll No. 22638
311 West University Avenue, Suite A
Lafayette, Louisiana  70506
(337) 534-4043

**Matthew S. Parmet**
Louisiana Bar # 32855
**PARMET PC**
P.O. Box 540907
800 Sawyer St. (77007)
Houston, TX 77254
phone 713 999 5228
fax      713 999 1187
matt@parmet.law

**Attorneys for Plaintiff**